IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> SINGLEY CONSTRUCTION COMPANY, INC. <br><br> Defendant. | CIVIL ACTION NO. 2:23cv106-KS-MTP <br><br> **COMPLAINT** <br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990, as amended ("ADA") and Title I of the Civil Rights Act of 1991, against Defendant Singley Construction Company, Inc. This action is brought to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Deborah Wainis ("Wainis" or "Charging Party") who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges Defendant refused to provide Wainis, a qualified individual with a disability, with a reasonable accommodation of her disability and instead

1

constructively discharged her as retaliation for engaging in protected activity and/or on the basis of her disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Titles I and V of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

2

4. At all relevant times, Defendant Singley Construction Company, Inc. ("Singley) has continuously been doing business in the State of Mississippi and the City of Columbia and has continuously had at least 15 employees.

5. At all relevant times, Defendant Singley has continuously been an employer engaged in industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111 (5), (7).

6. At all relevant times, Defendant Singley has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §§ 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Wainis filed a charge with the Commission alleging violations of the ADA by Defendant Singley.

8. On March 29, 2023, the Commission issued to Defendant Singley a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On May 2, 2023, the Commission issued to Defendant Singley a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant Singley a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. From at least March 8, 2019, until at least August 23, 2019, Defendant engaged in unlawful employment practices in Columbia, Mississippi, in violation of Sections 102(a), (b)(5)(A), and (b)(5)(B) of the ADA, 42 U.S.C. §§ 12112(a), (b)(5)(A) and (b)(5)(B) and Section 503(a) of the ADA, 42 U.S.C. § 12203(a). When Wainis sought reasonable accommodation of her disability from Defendant, Defendant failed to grant her a reasonable accommodation which caused Wainis to lose about half of her work hours and pay in violation of Sections 102(a), 102(b)(5)(A), and 102(b)(5)(B) of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(5)(A), and 12112(b)(5)(B). When Wainis then engaged in the protected activity of filing an EEOC charge of discrimination alleging violations of the ADA by Defendant, Defendant discharged her based on her disability and/or her protected activity in violations of Sections 102(a), 102(b)(5)(A), and 102(b)(5)(B) of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(5)(A), and 12112(b)(5)(B), and/or Section 503(a) of the ADA, 42 U.S.C. § 12203(a).

    a. Wainis was employed by Defendant at its Columbia, Mississippi, location from 2016 until her termination on or about August 23,

       2019. Wainis worked for Defendant as an administrative assistant.

b.   At all relevant times, Wainis has been a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8), who, with the accommodation of performing continuous ambulatory peritoneal dialysis (CAPD) on Defendant's premises, could perform the essential functions of her job with Defendant.

c.   Wainis was diagnosed with polycystic kidney disease in 2014.

d.   Defendant knew of Wainis's kidney disease as Wainis had informed Defendant of her kidney disease when she began work with Defendant.

e.   By March 8, 2019, Wainis was diagnosed with end-stage renal disease (ESRD) which substantially limited one or more of her major life activities including kidney function, the elimination of waste, and the operation of the major bodily functions of the endocrine system.

f.   On or around March 8, 2019, Wainis informed Defendant that she would need to undergo CAPD for her ESRD.

g. Sometime later, on the same day, Defendant informed Wainis that it had begun the process of trying to replace Wainis.

h. On or around March 11, 2019, Wainis sent a certified letter to Defendant in which she requested reasonable accommodations for her ESRD.

i. Following this letter, Wainis and Defendant had conversations in which she clarified that she was asking for the reasonable accommodation of performing CAPD on Defendant's premises during her lunch break.

j. Defendant denied Wainis the reasonable accommodation of performing CAPD on Defendant's premises.

k. Because of Defendant's denial, Wainis had to forego work hours and pay so she could perform CAPD away from Defendant's premises.

l. Because of Defendant's denial, Wainis was forced to go from working full-time to working part-time.

m. Because of Defendant's denial, Wainis lost about fifty percent of her work hours and pay.

n. Defendant reduced Wainis's work hours and pay because of her disability and her need for accommodation

o. On or around July 16, 2019, Defendant informed Wainis that it intended to hire a new employee to replace her.

p. In this same conversation, on or around July 16, 2019, Defendant informed Wainis that she would help train the new employee.

q. On August 12, 2019, Wainis filed an ADA charge of discrimination with the EEOC, alleging Respondent had failed to accommodate her disability and was discriminating against her on the basis of her disability.

r. EEOC served notice of the charge on Respondent by email on August 21, 2019.

s. On or around August 23, 2019, Defendant informed Wainis that it was hiring a new employee to replace Wainis and told her she could leave, which Wainis did.

t. Defendant constructively discharged Wainis because of her disability, her need for accommodation, her request for a reasonable accommodation, and/or in retaliation for engaging in the protected activity of seeking a reasonable accommodation, and/or filing an EEOC charge against Defendant.

12. The effect of the practices complained of in Paragraph 11 (including subparts a through t) has been to deprive Wainis of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

13. The effect of the practices complained of in Paragraph 11 (including subparts a through t) has been to deprive Wainis of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability, her need for an accommodation, her request for an accommodation, and for engaging in the protected activity of requesting a reasonable accommodation and filing an ADA charge of discrimination with the EEOC against Defendant.

14. The unlawful employment practices complained of in Paragraph 11 (including subparts a through t) were intentional.

15. The unlawful employment practices complained of in Paragraph 11 (including subparts a through t) were done with malice or with reckless indifference to the federally protected rights of Wainis.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Singley, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing to reasonably accommodate disabled employees, and from discharging employees because they are disabled, or because they seek

reasonable accommodation for their disabilities or file EEOC charges alleging unlawful ADA discrimination.

B. Order Defendant Singley to institute and carry out policies, practices and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Singley to make Wainis whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or an award of frontpay.

D. Order Defendant Singley to make Wainis whole by providing compensation for any past and future pecuniary losses, including medical expenses and job search expenses, if any, resulting from the unlawful employment practices described in Paragraph 11 (including subparts a through t) above, in amounts to be determined at trial.

E. Order Defendant Singley to make Wainis whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in Paragraph 11 (including subparts a through t)

above including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Singley to pay Wainis punitive damages for its malicious and reckless conduct as described in Paragraph 11 (including subparts a through t) above in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

GWENDOLYN YOUNG REAMS
Acting General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

Marsha Lynn Rucker (PA 90041)
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205

Tel.: (205) 651-7045
marsha.rucker@eeoc.gov